340 Pa. Superior Ct. 420 (1985)
490 A.2d 849
Jerold D. WINGEART, Administrator of the Estate of John Jerold Wingeart
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.
Supreme Court of Pennsylvania.
Argued September 18, 1984.
Filed March 22, 1985.
Petition for Allowance of Appeal Denied September 4, 1985.
*421 George F. Douglas, Jr., Carlisle, for appellant.
William C. Gierasch, Jr., York, for appellee.
Before WICKERSHAM, WATKINS and HESTER, JJ.
WICKERSHAM, Judge:
State Farm Mutual Automobile Insurance Company [hereinafter referred to as "State Farm"] appeals from the order of the Court of Common Pleas of York County finding that the Pennsylvania Insurance Commissioner's Regulations are not void as contrary to legislative intent; that Maryland's no-fault statute does not qualify as a "state *422 no-fault plan" under the Pennsylvania Insurance Commissioner's Regulations; and that appellee Jerold Wingeart is entitled to proceed against State Farm for no-fault benefits under Pennsylvania's No-fault Act. Jerold Wingeart cross appeals from the court's partial denial of counsel fees.
The facts in the case at bar are neither contested nor complicated. The decedent, John Jerold Wingeart, a single man with no dependents, was domiciled in Parkton, Maryland. On May 18, 1976, while a passenger in a car operated by Suzanne M. Garrett and owned by her mother, he was killed in a one-car accident in York County, Pennsylvania. On December 6, 1977, decedent's father and administrator, Jerold D. Wingeart, filed a complaint in York County seeking $15,000 in anticipated work loss under the Pennsylvania No-fault Motor Vehicle Insurance Act. Act of July 19, 1974, P.L. 489, No. 176, art. I; 40 P.S. §§ 1009.101-.701. State Farm filed preliminary objections in the nature of a demurrer contending that the estate of a single person who left no dependents was not entitled to such work loss benefits. The York County Court of Common Pleas sustained State Farm's demurrer and dismissed the administrator's complaint. The administrator appealed to the superior court and requested that action on the appeal be suspended pending decision in Heffner v. Allstate Insurance Co., 265 Pa.Super. 181, 401 A.2d 1160 (1979), aff'd, Allstate Insurance Co. v. Heffner, 491 Pa. 447, 421 A.2d 629 (1980). Heffner established that survivors of deceased victims of vehicular accidents are entitled to recover work loss benefits. After Heffner was decided, State Farm still refused to pay work loss benefits, contending on appeal before the superior court that (1) despite Heffner, a decedent's estate is not a "survivor" and, therefore, not entitled to recover work loss benefits under the No-fault Act and (2) in any event, the estate is only entitled to those benefits available under the law of the state of decedent's domicile, Maryland. In Wingeart v. State Farm Mutual Automobile Insurance Co., 302 Pa.Super. 524, 449 A.2d 40 (1982), this court rejected State Farm's first argument based on the decision in Freeze v. Donegal Mutual Insurance Co., 301 Pa.Super. *423 344, 447 A.2d 999 (1982), aff'd, 504 Pa. 218, 470 A.2d 958 (1983). Freeze held that the estate of a deceased victim is a "survivor" as contemplated by the No-fault Act and is entitled to recover work loss benefits. The court refused to address State Farm's second contention because it was not raised in preliminary objections and was not considered by the trial court. The case was reversed and remanded for further proceedings.
State Farm then raised this "conflicts of law" issue  whether appellee's only remedy was under Maryland law and not under the Pennsylvania statute  in the instant declaratory judgment action. Section 110(c)(1) of the Pennsylvania No-fault Act provides that the no-fault benefits available to a victim or a deceased victim who was domiciled in another state with a no-fault plan, would be paid in accordance with the state of domicile's no-fault plan. If the state of domicile does not have a no-fault plan in effect, then the benefits are paid by the state in which the accident occurred. 40 P.S. § 1009.110(c)(1). Instantly, the lower court found that the Maryland No-fault Statute, 5A Annotated Code of Maryland, Art. 48A § 542, does not qualify as a state no-fault plan under Pennsylvania's Insurance Commissioner's Regulations, and therefore, appellee's rights are governed by the Pennsylvania No-fault Act. The lower court also found that since State Farm originally rejected appellee's claim solely on the ground that work loss benefits are not payable to a decedent's estate, State Farm cannot now raise the "conflicts of law" issue. These two reasons formed the basis for the lower court's decision to reject State Farm's declaratory judgment action. State Farm then appealed to this court.
State Farm asks us to decide the following issue:
Is Maryland a state with a state no-fault plan for motor vehicle insurance under Pennsylvania law?
Brief for Appellant at 3.
Since we agree with the lower court that State Farm cannot now raise this issue, we need not reach its merits.
Section 106(a)(5) of the No-fault Act provides as follows:

*424 (5) An obligor who rejects a claim for basic loss benefits shall give to the claimant written notice of the rejection promptly, but in no event more than thirty days after the receipt of reasonable proof of the loss. Such notice shall specify the reason for such rejection and inform the claimant of the terms and conditions of his right to obtain an attorney. If a claim is rejected for a reason other than that the person is not entitled to basic loss benefits claimed, the written notice shall inform the claimant that he may file his claim with the assigned claims bureau and shall give the name and address of the bureau.
Act of July 19, 1974, P.L. 489, No. 176, art. I, § 106(a)(5); 40 P.S. § 1009.106(a)(5) (emphasis added).
Instantly, the sole reason for denying appellee's claim for work loss benefits given by State Farm in its rejection notice was that such benefits were not payable in death cases. In that rejection letter, dated November 11, 1977, State Farm never asserted that benefits were payable only under Maryland, and not Pennsylvania, law. On the contrary, the letter stated: "[T]he Estate of John J. Wingeart would be entitled to the basic loss benefits under the PA No Fault Act. . . . It is our Company policy to extend PA No Fault benefits to John J. Wingeart inasmuch as this accident occurred in the State of Pennsylvania." Thus, it is clear that the argument now advanced by State Farm was not raised at the time of the initial rejection of appellee's claim for benefits.
Furthermore, State Farm did not raise this reason for rejection in its preliminary objections in the nature of demurrer. Again, the only defense to appellee's claim stated in State Farm's preliminary objections was its position that work loss benefits were not payable in a death case. Of course, we do not hold that State Farm's failure to raise the "conflicts of law" defense in its preliminary objections resulted in a waiver of that objection pursuant to Pennsylvania Rule of Civil Procedure No. 1032. Had the lower court not sustained State Farm's preliminary objections, *425 thus requiring State Farm to answer appellee's complaint, State Farm could have raised the "conflicts of law" defense in its answer as new matter. See Pennsylvania Rules of Civil Procedure No. 1030. Nevertheless, we feel that State Farm's failure to include the issue in its preliminary objections further solidified its position that its sole reason for rejecting appellee's claim was that work loss benefits were not owed in this case.
Given the facts of this case, i.e., that the objection now asserted was not discussed in either the rejection letter nor State Farm's preliminary objections; that, in fact, State Farm affirmatively stated that it was company policy to extend Pennsylvania No-fault benefits to the victim of a Pennsylvania automobile accident; and that the "conflicts of law" issue was first raised in State Farm's appellate brief, three and one-half years after the claim was filed, we agree with the lower court that State Farm may not now raise this "conflicts of law" issue.
In his cross appeal, appellee raises the following issue:
Whether State Farm's refusal to pay no-fault benefits after the Supreme Court decision in Heffner v. Allstate is without reasonable foundation such that State Farm must pay counsel fees incurred subsequent to said decision.
Brief for Appellee at 1.
Section 107(3) of the No-fault Act provides:
If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended.
Act of July 19, 1974, P.L. 489, No. 176, art. 1, § 107(3). This provision permits an award of attorney fees only if the insurer denied the claim "without reasonable foundation." Instantly, the lower court
refuse[d] [appellee] counsel fees on the primary question in this case of whether or not [appellee] was entitled in *426 the first instance to the $15,000 work benefits. We make that ruling because we felt that there was a legitimate issue involved and that [State Farm] had reason to believe that they would not have to pay the $15,000. They had a reasonable basis for refusing it and, therefore, especially since that issue of whether [the estate] in this instance are entitled to survivors benefits is on appeal to the Supreme Court in the Freeze case, secondly, and that is why we are not giving [appellee] counsel fees on that issue.
However, we do think that [appellee] is entitled to counsel fees on the secondary question of the conflicts of law referred to in our Opinion dated and filed September 28, 1982, because we held then in that Opinion and Order that [State Farm] waited too long to raise that issue and because it was raised, [appellee's] counsel had to spend considerable amount of time researching it and filing briefs and so forth.
Appellee argues that he is entitled to be reimbursed for all counsel fees incurred since the decision in Allstate Insurance Co. v. Heffner, supra was decided. As already stated, Heffner held that survivors of deceased victims are entitled to recover work loss benefits. State Farm refused to pay such benefits to appellee even after Heffner was decided on the ground that an estate was not a "survivor" under the No-fault Act. This issue was resolved contrary to State Farm's position in Freeze v. Donegal Mutual Insurance Co., supra. Appellee asserts that there is no fundamental difference between Heffner and Freeze and that therefore State Farm's refusal to pay work loss benefits subsequent to Heffner is without reasonable basis. First, we note that Heffner did not address the issue of whether an estate was a "survivor" under the No-fault Act; this question was not resolved until the Pennsylvania Superior Court's Freeze decision. Thus, until that decision was filed, we cannot say that State Farm's refusal to pay benefits was unreasonable. See Hiers v. Keystone Insurance Co., 308 Pa.Super. 288, 454 A.2d 134 (1982); Hartleb *427 v. Ohio Casualty Insurance Co., 305 Pa.Super. 231, 451 A.2d 506 (1982).
Appellee would argue further that he is at least entitled to counsel fees incurred after the superior court's decision in Freeze; that is, State Farm should not have been entitled to await the outcome of the Freeze appeal in the Pennsylvania Supreme Court before paying work loss benefits. We disagree. The fact that the supreme court chose to consider the issue and discussed it at length even after the superior court's prior decision, indicates that we should not find a lack of reasonable foundation in State Farm's refusal to pay work loss benefits until the supreme court rendered its decision. See Baker v. Aetna Casualty & Surety Co., 309 Pa.Super. 81, 454 A.2d 1092 (1982).
Judgment affirmed.