518 A.2d 861

Alfred MANHEIM, Personal Representative and Administrator of the Estate of Ida Rosin, Deceased, and Marcia Abramsohn and Sara-Jane Rosin, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Sept. 3, 1986.

Filed Dec. 17, 1986.

Miriam M. Reimel, Bristol, for appellants.

Fredric O. Rubin, Morrisville, for appellee.

Before WICKERSHAM, OLSZEWSKI and BECK, JJ.

BECK, Judge:

This is an action in assumpsit against an insurance company for denial of benefits claimed under an automobile insurance policy. On May 17, 1981, Ida Rosin, a domiciliary of Florida, was killed in an automobile accident in Pennsylvania while riding in a car driven by her daughter, Marcia Abramsohn. Abramsohn, the driver, was covered by an insurance policy with appellee State Farm Mutual Automobile Insurance Company (State Farm).

Ida Rosin's estate submitted to State Farm claims for payment of various bills under Marcia Abramsohn's policy. State Farm paid Ida Rosin's medical and funeral expenses but denied a claim for work loss benefits. The estate and

two heirs (appellants) filed a complaint in assumpsit alleging that State Farm is contractually obligated to pay work loss benefits to Ida Rosin's estate. Both parties filed motions for summary judgment, which the trial court denied.

An arbitration panel found in favor of State Farm, and appellants appealed to the court of common pleas, which heard argument on legal issues. The court found that, because Abramsohn's policy referred to the Pennsylvania No-Fault Act and the decedent was a domiciliary of Florida, the Florida No-Fault Law controlled by application of the choice-of-law provision of the Pennsylvania statute. The Florida No-Fault Law does not permit work loss benefits when the victim dies as a result of the accident. Thus, the trial court issued an order that "the plaintiff is not entitled to work loss benefits and we find in favor of defendant." The court denied post-trial relief. Judgment was entered, and this timely appeal followed. We reverse and remand for trial.

On appeal, appellants have preserved two issues: (1) whether the trial court erred in considering State Farm's defense that was based on Ida Rosin's Florida domicile when that defense was not included in State Farm's denial letter; and (2) whether the trial court erred by failing to find that the insurance contract, rather than the Pennsylvania and Florida no-fault statutes, controlled and allowed work loss benefits.[1]

Both of appellants' issues on appeal relate to State Farm's single basis for denying work loss benefits. State Farm's basis is that because Ida Rosin was a domiciliary of Florida, the Pennsylvania courts must apply the Florida Motor Vehicle No-Fault Law, which, as interpreted by the Florida courts, does not provide for work loss benefits when

1. Appellants also raise issues as to the proper calculation of work loss benefits and whether appellants are entitled to interest and attorney's fees. These issues were not raised in the lower court, and are therefore waived. Pa.R.Civ.P. 227.1; Pa.R.A.P. 302(a); *Walacavage v. Excell 2000, Inc.*, 331 Pa.Super. 137, 480 A.2d 281 (1984).

a victim dies as a result of the accident. Florida Motor Vehicle No-Fault Law, ch. 71, 1971 Fla.Laws 252 § 7 (codified as amended at Fla.Stat.Ann. § 627.736 (West 1984)); *Griffin v. Travelers Indemnity Co.*, 328 So.2d 207 (Fla. Dist.Ct.App.1976).

■ First, appellants contend that State Farm is precluded from raising this defense because it was not stated in its "denial letter," the letter to appellant Alfred Manheim of May 4, 1983, stating that State Farm was rejecting appellants' claim for work loss benefits. We do not agree with appellants.

Section 106(a)(5) of the Pennsylvania No-fault Motor Vehicle Insurance Act provides, in relevant part:

(5) An obligor who rejects a claim for basic loss benefits shall give to the claimant written notice of the rejection promptly, but in no event more than thirty days after the receipt of reasonable proof of the loss. Such notice shall specify the reason for such rejection....

Act of July 19, 1974, Pa.Laws No. 489, § 106 (codified at Pa.Stat.Ann. tit. 40, § 1009.106(a)(5) (Purdon 1984–1985)) (repealed 1984). Appellants argue that this provision was held to be mandatory in *Wingeart v. State Farm Mutual Automobile Insurance Company*, 340 Pa.Super. 420, 490 A.2d 849 (1985). A careful reading of *Wingeart* does not support this conclusion. In *Wingeart*, the company's defense to the claim (likewise based on the applicability of another state's no-fault statute) was first raised in its appellate brief, three and one-half years after the claim was filed. The *Wingeart* court specifically noted that if the trial court had not sustained the company's preliminary objections in the nature of a demurrer, the company could have raised the conflict of laws defense in its answer as new matter. *Id.*, 340 Pa.Superior Ct. at 423, 490 A.2d at 851 (citing Pa.R.Civ.P. 1030).

By implication the *Wingeart* court holds that it is permissible to raise a defense in a pleading even though it was not stated in the rejection letter. Although it is better practice for an insurance company to state all of its reasons for

rejection in its rejection letter, failure to do so does not bar the insurance company from raising the defense in its pleadings. A careful reading of the No-fault Act reveals that the sanction for not giving reasonable explanation for rejection is payment of the insured's counsel fees and not a bar to raising a defense. Pa.Stat.Ann. tit. 40, § 1009.107(3) (Purdon 1984–1985).

In the instant case, State Farm alleged in New Matter that decedent Ida Rosin was a Florida resident, although without specifically raising the defense that the Florida No-Fault Law thereby applied. State Farm then raised that defense more specifically in its memoranda in support of its motion for summary judgment.

Thus, we conclude that *Wingeart* does not support the principle for which appellant cites it.

■ Having concluded that the court did not err in reaching the issue, we next address appellant's second contention: that the trial court erred in resolving the issue. The trial court concluded that since Ida Rosin was a domiciliary of Florida, that a Pennsylvania court must interpret the Abramsohn's insurance policy in light of the Florida No-Fault Law, which denies work loss benefits under the instant facts.[2] Appellant contends that no reference to any no-fault statute is necessary because the policy language controls and provides for work loss benefits for a deceased insured. We agree.

If we examine Section II of Abramsohn's State Farm policy, under the heading "What We Pay", we find: "We will pay in accordance with the *No-Fault Act* for *bodily injury* to an *insured,* caused by accident resulting from the

2. The choice-of-law provision of the Pennsylvania No-fault Act, Pa. Stat.Ann. tit. 40, § 1009.110(c)(1), provides in pertinent part:

(c) Applicable law.—

(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs.

maintenance or use of a *motor vehicle* as vehicle." (emphasis in original indicates terms defined in the policy).

The issue of whether Ida Rosin's estate [3] is entitled to work loss benefits raises two questions under the policy: to what benefits is an insured entitled, and who is an insured? As to the first question, the policy lists, after the above-quoted language, the various types of payments that State Farm will make under the policy: medical expenses, work loss, replacement services loss, funeral expense, and survivor's loss. Thus, work loss benefits are payable to an insured. As to the second question, State Farm concedes that Ida Rosin was an "insured" under Marcia Abramsohn's policy.

State Farm contends, however, that the sentence quoted above, "We will pay . . .," must be read to exclude out-of-state domiciliaries from the policy language and to refer instead to their own state's no-fault statute.

The quoted language closely tracks that of the "Basic Personal Injury Protection Endorsement" form in the Pennsylvania Insurance Department Regulations. 31 Pa.Code § 66.102(e) (1980). State Farm argues that the regulations *required* them to use this form. State Farm contends that the significant phrase is "in accordance with the No-[f]ault Act" and that the policy cannot be read to provide more coverage than that provided by application of the Act.[4]

This argument represents a misreading of the Regulations. The Regulations do not require the precise language used in State Farm's policy. Section 66.101 of 31 Pa.Code states:

> The private passenger personal injury protection endorsement forms set forth in this chapter meet the *mini-*

---

**3.** This is a survival action. *See* 42 Pa.Cons.Stat.Ann. § 8302 (Purdon 1982); *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company*, 500 Pa. 167, 455 A.2d 101 (1982).

**4.** As noted above, if the Act alone applied, and not the policy, § 1009.110(c)(1) would provide that the basic loss benefits would be determined by the Florida Law, Fla.Stat.Ann. § 627.736, which does not include work loss benefits in the instant situation.

*mum* standards required by the Insurance Commissioner. Companies *wishing* to use them *may* do so by filing copies in the form in which they intend to use them. (emphasis added). This court, moreover, has previously ruled on this question:

> [t]he Regulations, while affording a minimum standard for a No-Fault insurance policy, do not put a ceiling on specified amount or type of coverage. 31 Pa.Code § 66.101. "An insurance company is free, out of motives of altruism, generosity or naked commercial advantage, to provide broader coverage than the No-Fault Act, and if it does so, the policy language controls." *Drake v. Donegal Mutual Insurance Company,* 422 F.Supp. 272, 274 (W.D.Pa.1976); 7 Blashfield Automobile Law and Practice, Section 2715, pp. 7–8 (3d ed. 1966).

*Gallo v. J.C. Penney Casualty Insurance Company,* 328 Pa.Super. 267, 275, 476 A.2d 1322, 1326 (1984).

We also note that § 66.102, which provides the form used in State Farm's policy, states that it is designed to "meet the minimum requirements." 31 Pa.Code § 66.102(a) (1980). The form itself appears in subsection (e) after this statement: "The following is *an example* of a basic loss benefits endorsement." (emphasis added).

Hence, State Farm was not required to use the language printed in the policy it issued to Marcia Abramsohn. That the policy language, in providing for work loss benefits to a deceased insured without excluding domiciliaries of another state, provides for more benefits than the minimum required by the Pennsylvania No-fault Act is not a violation of the Act. We find that the language of the policy controls and provides for work loss benefits. Thus, we conclude that the trial court erred in denying appellants' motion for post-trial relief. We remand for trial on the remaining factual issues.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.