558 A.2d 113

Michael Shan STEVENS, Appellant,

v.

KEMPER INSURANCE COMPANY; National Dealer Services Company, Miller–McViegh Ford, Inc.; and Sutton Insurance Associates, Appellee,

v.

The HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.

Leonard and Esther CARR, Appellant,

v.

LUMBERMENS MUTUAL CASUALTY CO., Appellee.

Superior Court of Pennsylvania.

Argued Jan. 24, 1989.

Filed May 10, 1989.

Reargument Denied June 15, 1989.

264

John R. Ryan, Clearfield, for appellant (at 179).

James Naddeo, Clearfield, for appellant (at 1023).

Robert L. Martin, State College, for Kemper Ins., appellee (at 179) and for Lumbermens Mut., appellee (at 1023).

Before: CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

These cases were consolidated before us on appeal from orders granting Appellee, Lumbermens Mutual Casualty Company's, (Lumbermens) motions for summary judgment. The orders were issued based upon the trial court's conclusion that Lumbermen did not fail to provide the required notice of cancellation of an insurance policy because a policy was never issued in this case. We affirm the trial court's ruling, but on different grounds. We conclude that the notice provided in this case was sufficient to meet the statutory requirements.

Appellant, Stevens, completed and submitted to his agent, Sutton Insurance Associates, an application for automobile insurance coverage with Lumbermens. That same day,

January 4, 1980, Stevens paid $175.00 toward his insurance premium and was issued a binder. On January 14, 1980, Stevens was orally advised by Sutton that Lumbermen declined to write the policy. Three days later Sutton mailed a letter to Stevens which stated in part: "Be advised that your application for automobile insurance with the Kemper Insurance Company (parent company of Lumbermens) has been declined due to your driving record." Stevens premium payment was returned to him by check which he cashed on January 26, 1980. Almost two months later Stevens purchased an automobile which was subsequently involved in a motor vehicle accident with Appellants, Mr. and Mrs. Carr.

The automobile accident precipitated a series of legal actions. The Carrs filed suit against Stevens to recover damages for personal injuries suffered as a result of the accident. A verdict in favor of the Carrs was rendered in the amount of $155,000.00 plus delay damages and interest. A separate action was initiated by Stevens in September of 1982 against Kemper and other defendants. After the filing of two amended complaints, answers, depositions, interrogatories and requests for admissions, Kemper/Lumbermens sought summary judgment. The court granted this request. A third action was brought by the Carrs after Stevens assigned to them any and all rights he may have had against Kemper and Lumbermens. Lumbermens filed a motion for summary judgment based upon the trial court's disposition of its similar motion in the action brought by Stevens. As with the Stevens action, the trial court granted the motion. The trial court orders granting these motions for summary judgment are the subject of this consolidated appeal.

The accident and Stevens' subsequent suit also prompted review of Lumbermens actions by the Insurance Commissioner. The Insurance Department of the Commonwealth of Pennsylvania filed a Order to Show Cause against Lumbermens which alleged various violations of insurance law. The Commissioner was asked to rule upon the adequacy of

Lumbermen's cancellation notice. It ordered Lumbermens to cease and desist from cancelling automobile policies without adequate notification to the insured. It declined to rule that the insured's policy remains in force until proper cancellation and it did not address the question of coverage regarding the instant accident.

■ Because the issue before the Commissioner was whether the Insurance Company was violating statutory provisions by failing to give adequate notice to its insureds, and not whether Stevens had coverage at the time of the accident, we reject Lumbermens initial claim this appeal is an attempt to collaterally attack the Commissioner's ruling. Lumbermens asserts that Act 78, 40 P.S. § 1008.9 provides an exclusive administrative remedy where the insurer has "refused to write" a policy of automobile insurance. The act does permit an applicant for insurance coverage, who is refused a policy, to request the Insurance Commissioner to review the action of the insurer. 40 P.S. § 1008.9(b). The Act does not, however, provide a means by which one can seek to determine coverage. In this case Appellants have filed actions to recover under the terms of a policy. Although the insurer's attempt at cancellation will necessarily be addressed in this case, the true question of coverage was a proper matter to be brought before the trial court and it is now appropriate for our review.

■ The trial court found that Appellees were entitled to summary judgment since there was no policy of insurance in effect at the time of the accident. It ruled that the binder which was issued was not an automobile insurance policy and therefore the formal standardized notice requirements were not necessary. Detailed requirements for cancellation or refusal to renew a policy are found in 40 P.S. § 1008.5. For those policies which have been in effect for less than sixty days there is a separate provision. Section 1008.6 begins by stating that "Nothing in this act shall apply [including the detailed notice provisions of § 1008.5]:" to three specific circumstances. The third situation de-

scribes circumstances where the policy has been in effect for less than sixty days and it reads:

> To any policy of automobile insurance which has been in effect less than sixty days ... except that if an insurer cancels a policy of automobile insurance in the first sixty days, the insurer shall supply the insured with a written statement of the reason for cancellation.

40 P.S. § 1008.6(3).

This section has been considered both by our court and the Supreme Court in situations where the insurer sought to rescind an automobile insurance policy upon learning of a material misrepresentation contained in the application. In an Opinion Announcing the Judgment of the Court, Justice McDermott writes:

> [T]he explicit language of the exception ... clearly indicates the legislative intent to govern the termination of policies even during the sixty day period. Although that language prescribes only minimal procedures to be followed, it nevertheless clearly prescribes what an insurer *must* do.

*Metropolitan Property and Liability Insurance Company v. Insurance Commissioner*, 517 Pa. 218, 535 A.2d 588, 594 (1987). A footnote to this comment provides:

> ... Under appellant's interpretation an insurer may cancel a policy unilaterally, and *then* tell the customer. The customer then could very well find himself in a position of driving without insurance, a clear violation of the Financial Responsibility Law, and he would not even be aware of this fact. In addition, he would unknowingly put at risk himself and all other persons on the highway. This section, in order to be effective, must be construed as requiring *prior notice* before a cancellation can occur. It cannot be interpreted otherwise and meet standards of fairness and due process....

*Id.* at n. 10.

Justice McDermott's rationale requiring an insurer to comply with the provision of Act 78, 40 P.S. §§ 1008.1–1008.11, was adopted by this court in *Klopp v. Keystone*

*Insurance Companies,* 378 Pa.Super. 605, 549 A.2d 221 (1988). Thus, we find that cancellation of a policy which occurs within sixty days of issuance must be preceded by written notification of the reason for cancellation. Similarly an applicant who is refused a policy of insurance by an insurer is also entitled to notification. Section 1008.8(b) states in part:

Any applicant for a policy who is refused such policy by an insurer shall be given a written notice of refusal to write by the insurer. Such notice shall state the specific reason or reasons of the insurer for refusal to write a policy for the applicant.

Whether Lumbermens issuance of a binder can be deemed issuance of a policy which it sought to cancel within the first sixty days, or whether Lumbermens actions amounted to a refusal to issue a policy of insurance, in either instance, written notification of the reasons for Lumbermens' actions was required. In this case Stevens did receive written notification from Lumbermens. This notification was not required to follow the detailed standards set forth in § 1008.5. All that was required was written notification of the reasons for the insurer's actions which would give Stevens notice of his situation so that he may pursue avenues to remedy it, i.e. seek insurance coverage elsewhere and/or contest the insurers action with the Insurance Commissioner (See 40 P.S. § 1008.8).

We find the notice received by Stevens was sufficient to inform him that he would be without coverage. Not only did he receive a phone call apprising him of the situation but he also was sent a letter from his agent which stated that his application was being declined due to his "driving record". Further Stevens was sent a check from Lumbermens marked "policy cancellation" which he cashed. Approximately two months later Stevens and the Carrs were involved in the accident which is the subject of their claims. Under these circumstances, we conclude that Stevens was not covered under a policy of insurance with Lumbermens at the time of the accident. Accordingly, we affirm the trial

court's orders granting summary judgment in Appellee's favor.

Orders affirmed.