560 A.2d 856

**ERIE INSURANCE COMPANY, Petitioner,**

**v.**

**Constance B. FOSTER, in her official capacity as Commissioner of the Pennsylvania Insurance Department, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided June 15, 1989.

Richard DiSalle and Susan Hileman Malone and Ann Baily, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, for petitioner.

Kenneth B. Allen, Asst. Counsel, Theodie L. Peterson, Chief of Litigation, Linda J. Wells, Chief Counsel, and Victoria A. Reider, Deputy Chief Counsel, Ins. Dept., Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

COLINS, Judge.

Erie Insurance Company (petitioner) petitions for review of a September 29, 1988 order of the Insurance Commissioner (Commissioner) which reversed the Insurance Department's (Department) decision that petitioner's nonrenewal of the automobile insurance policy of Bruce D. Franks (insured) was not in violation of what is commonly known as Act 78.[1] We reverse.

The insured, who has been deaf since birth, received notice from petitioner on October 28, 1987, of its intention not to renew his policy. This decision was based on the petitioner's discovery that the insured had misrepresented his hearing impairment on a customer questionnaire. Question No. 8 on petitioner's renewal form stated: "Does any

1. Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11.

driver or any member of the household have a physical or mental impairment or disability or other medical infirmity? Identify such condition (heart, diabetes, epilepsy, sight/limb loss, back condition or other medical infirmity), its duration and treatment obtained and/or medication prescribed." The insured answered "no" to this question.

The insured's written request to the Department to review petitioner's notice of nonrenewal was denied on December 4, 1987, because the Department determined that the petitioner's nonrenewal was not in violation of Act 78. An administrative hearing was held on February 29, 1988, which resulted in the Commissioner's September 29, 1988, order reversing the Department. The Commissioner ruled the misrepresentations were not knowingly false and were not material to the risk, since the insured had a clean driving record for the previous four years. It is petitioner's appeal from the Commissioner's September 29, 1988, order that is presently before this Court.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the findings of fact are not supported by substantial evidence. *Komada v. Browne,* 97 Pa. Commonwealth Ct. 19, 508 A.2d 1284 (1986). The resolution of this matter turns on the interpretation of Section 3(a)(12) of Act 78 which states:

(a) No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:

. . . . .

(12) Illness or permanent or temporary disability, where the insured can medically document that such illness or disability will not impair his ability to operate a motor vehicle. Failure to provide such documentation shall be proper reason for the insurer to amend the policy of the named insured to exclude such disabled insured from coverage under the policy while operating a motor vehicle after the effective date of such policy amendment, but

shall not be proper reason to cancel or refuse to write or renew the policy....

40 P.S. § 1008.3(a)(12).

This Court's holding in *Samilo v. Insurance Department*, 98 Pa. Commonwealth Ct. 232, 235, 510 A.2d 412, 413 (1986), that "[a]ny good reason not specifically stated in Section 3 of Act 78 as a reason for refusing to renew a policy may be considered by the insurer in its determination regarding renewal" is cited by petitioner as being dispositive of this matter.

The petitioner argues that the insured's hearing impairment is a physical disability which impairs the insured's ability to drive and, therefore, should have been brought to the petitioner's attention. Furthermore, it was justified in not renewing the policy in question because the misrepresentation of the petitioner was material to the risk involved. Essentially, the petitioner argues that the insured's misrepresentation concerning this hearing impairment constituted "good cause" for the nonrenewal.

The Commissioner attempts to counter this argument by referring to the language of Section 3(a)(12) that a permanent disability cannot be the basis for nonrenewal where medical documentation exists to prove that the disability does not impair one's driving. The Commissioner felt that since the petitioner never afforded the insured the opportunity to present the necessary medical documentation, that it cannot fail to renew the policy. The Commissioner's argument misconstrues the issue in this case. The insured's policy was not renewed as a result of the hearing impairment, which would clearly have been in violation of Act 78, but because the insured blatantly attempted to conceal his impairment from the petitioner in an attempt to benefit from a lower rate.

The Commissioner further argues that in order to deny coverage based on misrepresentation, an insurer bears the burden of satisfying the following three pronged test: (1) the declaration must be false; (2) the subject matter must

be material to the risk; and (3) the insured must have known it to be false and had made the declaration in bad faith. *Allstate Insurance Co. v. Stinger,* 400 Pa. 533, 163 A.2d 74 (1960). The Commissioner, in her adjudication, determined that the petitioner satisfied the first element, but failed to satisfy the second and third prongs (i.e., that the misrepresentation of the insured was material to the risk and that said misrepresentation was knowingly false or made in bad faith). We disagree with this argument.

 Clearly, the insured's hearing impairment is a condition that is material to the risk. The fact that the insured was hearing impaired is information which would have influenced underwriting determinations prior to issuing the policy. *See A.G. Allebach, Inc. v. Hurley,* 373 Pa. Superior Ct. 41, 540 A.2d 289 (1988). One of petitioner's corporate officers testified extensively that an individual's physical limitations are material in assessing risk. If the insured had truthfully answered the questions submitted by the petitioner, then the petitioner would have had the opportunity to present a physician's statement that his physical impairment did not adversely effect his ability to safely operate a motor vehicle.

The Commissioner also ruled that the petitioner failed to satisfy its burden of showing that the misrepresentation was made knowingly and in bad faith. A review of the record reveals otherwise. The insured, while testifying through an interpreter before the hearing examiner, stated that the reason why he did not answer "yes" to the survey question was his subjective belief that the petitioner refused to insure deaf individuals, that the question was prejudiced, and that a truthful answer would have excluded him from coverage. Of course, none of the foregoing beliefs is supported anywhere in the record. Furthermore, the notes of testimony reflect that the insured believed that if he had answered "yes" to the question, he would have had to pay a higher rate.

The Commissioner further attempts to justify her decision by saying that the petitioner misconstrues the applica-

tion of Act 78 by arguing that the insured's misrepresentation prevented it from correctly documenting the insured's disability. In the matter *sub judice,* we are not concerned with an individual who had answered "yes" to the disability question and either failed to provide medical information or was not granted the opportunity to provide said information. We are presently dealing with an individual who knowingly attempted to conceal the fact of his hearing disability in an attempt to conceal underwriting information from the petitioner.

The Commissioner further requests that this Court follow the decision of the Superior Court in *Klopp v. Keystone Insurance Companies,* 378 Pa. Superior Ct. 605, 549 A.2d 221 (1988). In *Klopp,* the Superior Court, after discussing the Supreme Court's decision in *Metropolitan Property & Liability v. Insurance Commissioner,* 517 Pa. 218, 535 A.2d 588 (1987), as well as our decision in *Metropolitan Property & Liability v. Insurance Department,* 113 Pa. Commonwealth Ct. 150, 537 A.2d 53, *allocatur granted,* 520 Pa. 580, 549 A.2d 139 (1988), held that an insurer cannot elect to rescind a policy *ab initio* on the basis of misrepresentation but must comply with the procedures set forth in Act 78 in order to terminate a policy. Reliance upon *Klopp* is misplaced, as petitioner has complied with Act 78, pursuant to this Court's decision in *Samilo.*

Act 78 fully protects the rights of the handicapped against discrimination by insurers. Therefore, if petitioner had honestly answered the question, he would have been afforded the full panoply of administrative and appellate rights, so as to ensure that such discrimination would not be institutionalized or condoned. However, the petitioner made a knowingly false statement concerning a material fact. If we were to accept the Commissioner's interpretation in this matter, we would be making a judicial declaration that certain classes of policyholders would be exempt from telling the truth in the application process. Not only would this be a misinterpretation of all applicable statutes,

but it would also go against the grain of the most fundamental tenets of our judicial system.

Accordingly, the order of the Commissioner is reversed.

## ORDER

AND NOW, this 15th day of June, 1989, the order of the Pennsylvania Insurance Commissioner in the above-captioned matter is reversed.