**ERIE INSURANCE COMPANY,**
Petitioner,

v.

**COMMONWEALTH of Pennsylvania,
DEPARTMENT OF INSURANCE,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1996.
Decided Nov. 13, 1996.

Thomas E. Brenner, Harrisburg, for petitioner.

Christine Mullen, Department Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Petitioner Erie Insurance Company petitions for our review of a decision of the Insurance Commissioner which found that Erie violated the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act 78), by cancelling a new automobile insurance policy for misrepresentation. We affirm.

Marie Hirsch obtained her driver's license in December of 1993, and applied for insurance with Erie. She filled out an application for the insurance which contained the following question:

> Has any driver or member of the household ... had his/her driver's license revoked or suspended in the last 5 years?

Hirsch checked the box for a "No" response. An automobile policy was issue to Hirsch, with an effective date of December 13, 1994. When Erie later obtained a copy of Hirsch's "Report of Violations and Departmental Actions" from the Pennsylvania Department of Transportation it discovered that her driving privileges had been suspended for 90 days, effective June 1, 1992, due to her violation of Section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (underage drinking). The suspension was of Hirsch's operating privileges only, inasmuch as she had not yet obtained her driver's license. After reviewing her DOT record, Erie notified Hirsch that effective January 26, 1994, her policy was canceled due to her misrepresentation on the insurance application.

Hirsch sought review of the cancellation by the Insurance Department, which issued a determination on January 27, 1994, that Erie's cancellation of Hirsch's policy was a violation of Act 78. Erie appealed to the Insurance Commissioner, and a hearing was held on June 8, 1994. On February 20, 1996, the Commissioner issued an Adjudication and Order affirming the Department's determination, concluding that Erie had not met its burden of proving that its cancellation of Hirsch's policy complied with Act 78. The basis for the Commissioner's decision was her conclusion that Hirsch's suspension resulting from a conviction for underage drinking was not material to the risk assumed by Erie because Erie is precluded by statute from using the suspension as the basis for the cancellation. *See* 18 Pa.C.S. § 6310.4(d).

Erie's appeal of the Commissioner's Order is now before us for review.[1]

Act 78 restricts the extent to which an insurer may cancel, refuse to write or renew an automobile insurance policy, prohibiting such terminations for certain reasons. The Act 78 restrictions, however, do not apply in cases such as this, where a policy has been in effect for less than 60 days. Section 6(3) of the Act, 40 P.S. § 1008.6(3), states that nothing therein shall apply:

> To any policy of automobile insurance which has been in effect less than sixty days, unless it is a renewal policy, except that no insurer shall decline to continue in force such a policy of automobile insurance on the basis of the grounds set forth in subsection (a) of section 3 hereof and except that if an insurer cancels a policy of automobile insurance in the first sixty days, the insurer shall supply the insured with a written statement of the reason for cancellation.

Section 3(a), referenced in Section 6, enumerates the reasons for which an insurer may never terminate a policy, providing as follows:

> No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:
>
> (1) Age.
>
> (2) Residence or operation of a motor vehicle in a specific geographic area.
>
> (3) Race.
>
> (4) Color.
>
> (5) Creed.
>
> (6) National origin.
>
> (7) Ancestry.
>
> (8) Marital status.
>
> (9) Sex.
>
> (10) Lawful occupation (including military service).

> (11) The refusal of another insurer to write a policy, or the cancellation or refusal to renew an existing policy by another insurer.
>
> (12) Illness or permanent or temporary disability, where the insured can medically document that such illness or disability will not impair his ability to operate a motor vehicle....
>
> (13) Any accident which occurred under the following circumstances....
>
> (14) Any claim under the comprehensive portion of the policy unless such loss was intentionally caused by the insured.

40 P.S. § 1008.3(a).

■ Accordingly, when, as here, a policy had been in effect less than 60 days, a termination is permissible under Act 78 for any "good reason" not prohibited by Section 3(a). *Aetna Casualty & Surety Co. v. Insurance Department,* 536 Pa. 105, 638 A.2d 194 (1994). There is no question that Hirsch's policy was not cancelled for a prohibited reason, or that she did not receive adequate notice of the cancellation, as required by Section 6(3). The sole issue is whether the cancellation of Hirsch's newly-written policy for a material misrepresentation on her insurance application must be upheld despite the fact that the termination was not for any of the prohibited grounds set forth in Section 3(a).

■ An insurance policy may be cancelled for misrepresentation on the application if the insurer can prove: 1) the declaration is false; 2) the subject matter is material to the risk; and 3) the insured knew it to be false or made the declaration in bad faith. *Erie Insurance Exchange v. Pennsylvania Insurance Department,* 666 A.2d 788 (Pa.Cmwlth. 1995).[2] The Commissioner in the case at bar concluded that Erie did not prove any of the elements of misrepresentation, and we agree.

---

**1.** The scope of our review in this case is limited to a determination of whether constitutional rights have been violated, an error of law has been committed or the findings of fact are not supported by substantial evidence. *American Motorists Insurance Co. v. Insurance Department,* 154 Pa.Cmwlth. 17, 622 A.2d 406 (1992).

**2.** Section 4 of Act 78, 40 P.S. § 1008.4, also provides that an insurance policy may be cancelled for misrepresentation. This provision, however, is not applicable to this case because the policy in question was in effect less than 60 days. *See* Section 6(3) of Act 78, 40 P.S. § 1008.6(3).

■ The alleged misrepresentation at issue is the negative response Hirsch gave to the question "has any member of the household had his or her *driver's license* suspended in the past five years." As found by the Commissioner, Hirsch's reason for not answering this question in the affirmative was that at the time of the suspension, she did not have a driver's license, and therefore, it could not have been suspended. (Adjudication and Order at 5.) Erie contends that this is a semantic argument, and that Hirsch should have answered "yes" to the question because a suspension of operating privileges has the same effect as a suspension of a driver's license. Contrary to Erie's assertion that Hirsch should have known that one suspension was the functional equivalent of the other, we will not require an insured, an underage insured at that, to analyze an insurer's intent on an application and answer a question that simply was not asked.

■ Even if Hirsch's response regarding her suspension were a false declaration, we agree with the Commissioner that such misrepresentation would not be material to Erie's risk. As this Court has held, a misrepresentation is material if the information involved in the misrepresentation would have influenced underwriting determinations prior to the issuance of the policy. *Erie Insurance Co. v. Foster*, 126 Pa.Cmwlth. 600, 560 A.2d 856 (1989). Hirsch's operating privileges were suspended for underage drinking under Section 6310.4 of the Crimes Code, 18 Pa. C.S. § 6310.4, which further provides:

> **(d) Insurance premiums.**—An insurer shall not increase premiums, impose any surcharge or rate penalty, or make any driver record point assignment for automobile insurance, nor shall an insurer cancel or refuse to renew an automobile insurance policy on account of a suspension under this section.

*See also State Farm Mutual Automobile Insurance Co. v. Department of Insurance*, 143 Pa.Cmwlth. 259, 598 A.2d 1344 (1991), *petition for allowance of appeal denied*, 531 Pa. 659, 613 A.2d 563 (1992) (insurer is prohibited from cancelling an insurance policy as a result of a license suspension based upon underage drinking). Accordingly, because Erie could not have used the information regarding Hirsch's suspension in making determinations regarding premiums and rates or as a basis for cancelling her policy, the suspension was not material.

■ Erie relies upon our decision in *Erie Insurance Co. v. Foster, supra.*, in arguing that a misrepresentation may be material even though the subject matter of the misrepresentation is not. In *Erie/Foster*, the insured's automobile insurance was not renewed after Erie discovered that he had responded "no" to an application question regarding physical impairment or disability, when in fact he had been deaf since birth. The Commissioner found that the failure to renew was contrary to Act 78, because the insured's physical impairment was one of the reasons enumerated in Section 3(a) for which a policy cannot be terminated. We agreed with Erie in that case, however, that the policy was not renewed because the insured blatantly attempted to conceal his impairment in an attempt to benefit from a lower rate, not because of the impairment itself. We reversed the Commissioner's decision in *Foster*, concluding that the misrepresentation was, in and of itself, a sufficient and appropriate basis for the failure to renew.

The *Erie/Foster* decision is distinguishable from the case now before us due to the applicability of 18 Pa.C.S. § 6310.4(d). The subject matter of Hirsch's misrepresentation—the suspension of her operating privileges—is not a permissible basis for the cancellation of her policy under Section 6310.4(d). In *Erie/Foster*, the subject matter of the misrepresentation—the insured's hearing impairment—could be a reason for nonrenewal under Section 3(a)(12) of Act 78, if the insured could not provide medical documentation that the disability would not impair his ability to operate a motor vehicle. Erie's reliance on *Erie/Foster* is, therefore, misplaced and that decision will not control our conclusion in the case *sub judice.*

■ Finally, we conclude that Hirsch made no knowing misrepresentation on her application and that she did not act in bad faith in responding that she had not had her driver's license suspended. As found by the Commissioner, Hirsch did not intend to mis-

lead or hide anything from Erie, and simply answered the question that she was asked. (Adjudication and Order at 12; N.T. at 29, 21–22.) There is substantial evidence to support the Commissioner's findings in this regard, and we will not disturb them on appeal.

In conclusion, Erie has not met its burden of establishing a material misrepresentation on the part of Hirsch. Accordingly, we hold that the Commissioner did not err in concluding that Erie's cancellation of Hirsch's policy violated Act 78.

### ORDER

AND NOW, this 13th day of November, 1996, the February 20, 1996 Order of the Insurance Commissioner is hereby affirmed.