IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Farm Mutual Automobile : 
Insurance Company, : No. 167 C.D. 2015
 : Submitted: August 14, 2015
Petitioner :
 :
v. :
 :
Commonwealth of Pennsylvania, :
Insurance Department, Theresa D. :
Miller, Acting Insurance :
Commissioner, :
 :
Respondents :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
SENIOR JUDGE FRIEDMAN FILED: September 24, 2015

State Farm Mutual Automobile Insurance Company (State Farm) appeals from the January 15, 2015, order of the Insurance Department (Department), Theresa D. Miller, Acting Insurance Commissioner (Commissioner),[1] which determined that State Farm violated what is commonly referred to as Act 68,[2] by improperly cancelling Alanna Dougherty's automobile insurance policy. The Commissioner concluded that Act 31 of the Crimes Code (Act 31), 18 Pa. C.S.

_____

[1] At the time of the order, Michael F. Consedine was the Commissioner.

[2] Act of May 17, 1921, P.L. 682, added by the Act of June 17, 1998, P.L. 464, *as amended*, 40 P.S. §§991.2001-991.2013.

§6310.4(d), prohibits an insurance company from cancelling an automobile insurance policy based on a license suspension imposed for underage alcohol consumption. We affirm.

On May 2, 2014, Dougherty applied for personal automobile insurance with State Farm. The application contained the following question: "During the past 6 years have you, the applicant, any household member, or any regular driver had a license to drive or registration suspended, revoked, or refused?" (State Farm Ex. 2.) Dougherty answered "no." (N.T., 8/21/14, at 47.) Effective May 2, 2014, State Farm issued a temporary binder of insurance to Dougherty.

Upon inspection of Dougherty's driver's license history, State Farm learned that Dougherty's driver's license had been suspended for 90 days pursuant to 18 Pa. C.S. §6310.4(a), for underage consumption of alcohol in violation of 18 Pa. C.S. §6308.[3] On May 15, 2014, State Farm issued a notice of cancellation of Dougherty's policy effective June 3, 2014. State Farm provided the following reason for cancellation: "The driver's license of Alanna Dougherty has been suspended or revoked within the past 36 months." (State Farm Ex. 1.)[4]

---

[3] The violation did not involve operation of a motor vehicle.

[4] Upon terminating Dougherty's policy, State Farm offered Dougherty insurance coverage through State Farm Fire and Casualty Company (State Farm Fire), at a higher cost, and Dougherty accepted the policy. (N.T., 8/21/14, at 43-44.)

Keith Dougherty, Dougherty's father, claiming to be Dougherty's lawful assignee, has filed a notice of intervention with this court seeking a refund on the State Farm Fire policy and damages. Before the Commissioner, Mr. Dougherty similarly alleged that he was the lawful assignee of his daughter. The Commissioner determined that the assignment was irrelevant to the proceedings and informed Mr. Dougherty that he could challenge the ruling on appeal. (*Id.* at 13-14). Mr. **(Footnote continued on next page…)**

Dougherty requested that the Department review the policy cancellation. The Department concluded that State Farm violated Act 68, governing cancellation of an automobile insurance policy within the first 60 days.

State Farm appealed, requesting a formal hearing pursuant to section 2009(d) of Act 68, 40 P.S. §991.2009(d). The Commissioner appointed Melinda Fisher Kaufman, Esq., to conduct a hearing, which occurred on August 21, 2014.

On January 15, 2015, the Commissioner issued an adjudication concluding that State Farm's decision to cancel Dougherty's policy violated Act 68. The Commissioner concluded that in accordance with this court's previous decisions in *Erie Insurance Company v. Department of Insurance,* 684 A.2d 1115 (Pa. Cmwlth. 1996), and *State Farm Mutual Automobile Insurance Company v. Department of Insurance*, 598 A.2d 1344 (Pa. Cmwlth. 1991), the provision in Act 31, 18 Pa. C.S. §6310.4(d), specifically precludes State Farm from cancelling Dougherty's insurance policy based on the suspension of her driver's license for underage alcohol consumption.

Additionally, the Commissioner determined that State Farm was precluded from arguing that it was justified in cancelling Dougherty's insurance because she misrepresented whether her license had been suspended. The

**(continued…)**

Dougherty, however, does not challenge or otherwise address the Commissioner's ruling in his notice of intervention filed with this court, and this court will only address issues raised by the parties. *See Weigand v. Weigand*, 337A.2d 256, 257-58 (Pa. 1975).

3

Commissioner concluded that because State Farm's notice of cancellation relied solely on Dougherty's license suspension, State Farm could not now argue misrepresentation as a reason for the policy cancellation.

Thereafter, State Farm filed a petition for reconsideration, which the Commissioner denied. State Farm then filed a petition for review with this court.[5]

Initially, State Farm contends that this court's decisions in *Erie Insurance* and *State Farm*, must be reviewed and reconsidered in light of the Commissioner's subsequent decision in *In re Erie Insurance Exchange* (*Erie/Pursh*), No. 96-10-012 (1997). We disagree.

An insurer may cancel an automobile policy in accordance with the statutory provisions of Act 68. Act 68 substantially reenacted Act 78,[6] and contains essentially the same restrictions on termination of automobile insurance policies. Section 2002(c)(3) of Act 68, 40 P.S. §991.2002(c)(3), provides in part:

> (c) Nothing in this article shall apply:
>
> * * *
>
> (3) To any policy of automobile insurance which has been in effect less than sixty (60) days, unless it is a renewal policy, except that no insurer shall decline to continue in

---

[5] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[6] Act of June 5, 1968, P.L. 140, *formerly* 40 P.S. §§1008.1-1008.11, repealed by the Act of June 17, 1998, P.L. 464.

4

force such a policy of automobile insurance on the basis of the grounds set forth in section 2003(a) and except that if an insurer cancels a policy of automobile insurance in the first sixty (60) days, the insurer shall supply the insured with a written statement of the reason for cancellation.

Section 2003(a) of Act 68, 40 P.S. §991.2003(a), sets forth 14 reasons for which termination is prohibited. A license suspension is not a prohibited reason for terminating a policy within 60 days.

However, Act 31 prohibits an insurer from penalizing, in any way, a person convicted for underage alcohol consumption. Act 31 states that the penalty for underage use of alcoholic beverages is a license suspension, 18 Pa. C.S. §6310.4(a). In addition to the imposition of a license suspension, Act 31 further provides:

> **(d) Insurance Premiums.** – An insurer shall not increase premiums, impose any surcharge or rate penalty, or make any driver record point assignment for automobile insurance, nor shall an insurer cancel or refuse to renew an automobile insurance policy on account of a suspension under this section.

State Farm argues, however, that the Department's regulations provide that "for purposes of review by the Department in order to determine whether the action by the insurer is in violation of [Act 68], the cancellation shall be considered to be a refusal to write." 31 Pa. Code §61.10(c). State Farm maintains that because it cancelled Dougherty's insurance within 60 days, the cancellation is considered a refusal to write in accordance with 31 Pa. Code §61.10(c). Although 18 Pa. C.S. §6310.4 does not permit an insurer to "cancel or refuse to renew an automobile

5

insurance policy on account of a suspension under this section," State Farm argues that the prohibition does not apply to a refusal to write.

This court previously addressed this argument in *State Farm*. In *State Farm,* we agreed with the Department that "Act 31, unlike Act 78, makes no distinction between cancellations before or after sixty days. Act 31's blanket prohibition against cancellation necessarily includes precluding cancellation within sixty days." 598 A.2d at 1346. The suspension of Dougherty's operating privilege for underage alcohol consumption is not a permissible basis for the cancellation of her automobile insurance policy under 18 Pa. C.S. §6310.4(d). *See Erie Insurance*, 684 A.2d at 1118.

Nonetheless, State Farm argues that this court should rely on the Commissioner's decision in *Erie/Pursh*, wherein the Commissioner determined that Erie Insurance Exchange did not violate Act 78, the predecessor to Act 68, when it refused to write an automobile insurance policy for Pursh. We initially note "that administrative decisions have no precedential value before this [c]ourt." *State Farm Mutual Automobile Insurance Company v. Department of Insurance*, 720 A.2d 1071, 1074 n.5 (Pa. Cmwlth. 1998). Additionally, this court has already decided the issue presented in this case and "[t]he rule of stare decisis declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different." *Commonwealth v. Tilghman*, 673 A.2d 898, 903 n.9 (Pa. 1996).

We also note that *Erie/Pursh* does not mention this court's decisions in either *Erie Insurance* or *State Farm.* Moreover, in *Erie/Pursh* the insurance company did not issue a temporary binder as it did in this case. In *Erie/Pursh*, the Commissioner specifically stated that "[b]ecause of [Erie Insurance Exchange's] refusal to issue a binder for or subsequently write a policy for Mr. Pursh this case is not controlled by Act 78 or 18 Pa. C.S. §6310.4(d)." *Erie/Pursh* at 7. Thus, *Erie/Pursh* is factually distinguishable.

Finally, State Farm contends that the Commissioner erred in concluding that Dougherty's misrepresentation of her driving record was not material to State Farm's review of her application. In accordance with section 2008(b) of Act 68, 40 P.S. §991.2008(b) (emphasis added), an insurer who refuses to issue a policy shall give the applicant written notice stating "the *specific* reason or reasons of the insurer for refusal to write a policy for the applicant." State Farm specifically notified Dougherty that it was cancelling her policy because of the suspension, not because of a misrepresentation. Thus, the Commissioner did not err.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Farm Mutual Automobile :
Insurance Company, : No. 167 C.D. 2015
 :
     Petitioner :
 :
    v. :
 :
Commonwealth of Pennsylvania, :
Insurance Department, Theresa D. :
Miller, Acting Insurance :
Commissioner, :
 :
     Respondents :

## O R D E R

   AND NOW, this 24th day of September, 2015, we hereby affirm the January 15, 2015, order of the Insurance Department, Theresa D. Miller, Acting Insurance Commissioner.

           _____
           ROCHELLE S. FRIEDMAN, Senior Judge